***********
After review of the record and documents from the Full Commission file, and listening to the oral arguments of the parties, the Full Commission finds that good grounds exist to remand this matter to the Deputy Commissioner section for a full evidentiary hearing.
 ***********
On November 12, 2008, Plaintiff filed his Affidavit seeking damages against Defendant under the North Carolina Tort Claims Act. The Affidavit alleged negligence on the part of Defendant, and further alleged that on April 28, 2008, Defendant's negligence caused Plaintiff personal injury and damage to his vehicle when Defendant's vehicle backed into Plaintiff's vehicle at a stop light. On January 9, 2009, Defendant filed its Answer Motion to Strike denying the material allegations of Plaintiff's Affidavit and also seeking to strike the accident report attached to Plaintiff's Affidavit on the grounds that it was unauthenticated hearsay. On January 28, 2009, Defendant served Plaintiff with Defendant's First Set of Interrogatories and Request for *Page 2 
Production of Documents. On April 16, 2009, which was approximately 18 days before the Pre-trial Conference set before the Deputy Commissioner, Defendant mailed to Plaintiff Requests for Admission.
On May 4, 2009, the parties participated in a Pre-trial Conference, at which time the Deputy Commissioner inquired as to why Plaintiff did not respond to Defendant's Request for Admission. Plaintiff asserted that he never received Defendant's Requests for Admission and the Deputy Commissioner then personally served Plaintiff with a copy of the requests.
On June 16, 2009, Defendant filed its Motion to Deem Requests for Admission Admitted, on the ground that Plaintiff never respond to Defendant's Requests for Admission. Also on June 16, 2009, Defendant filed Defendant's Motion for Summary Judgment, on the ground that Plaintiff's failure to answer its Requests for Admission operated as an admission of the facts contained therein, pursuant to Rule 36(a) of the North Carolina Rules of Civil Procedure. Defendant argued that the admission of the facts contained in the Requests for Admission served to defeat Plaintiff's claim.
On August 3, 2009, Defendant's Motions came on for hearing. At the hearing before the Deputy Commissioner, Plaintiff, appearing prose, acknowledged having been served with Defendant's Requests for Admission, but explained that he did not answer them because it was his belief that if he did so, he would be admitting that he "was at fault," and that the Requests for Admission would "go against me if I answered them." On August 4, 2009, the Deputy Commissioner filed an Order granting Defendant's Motions and dismissing Plaintiff's claim with prejudice, on the grounds that Plaintiff willfully failed to answer Defendant's Requests for Admission despite being properly served with them and therefore these requests were deemed admitted. Based upon these deemed admissions the Deputy Commissioner granted Defendant's *Page 3 
Motion for Summary Judgment.
On August 18, 2009, Plaintiff filed a Notice of Appeal to the Full Commission. On October 9, 2009, Plaintiff filed his Form T-44 assignments of error and attached his answers to Defendant's First Set of Interrogatories and Request for Production of Documents and also answers to the Requests for Admission. These attachments are not properly before the Full Commission and are not being considered. Plaintiff stated in his assignments of error that Defendant wanted him to admit he was at fault in the accident and that "I will never admitt [sic] that I was." At the Full Commission review, Plaintiff continued to represent himself. Plaintiff argued, as he did before the Deputy Commissioner, that it was initially his belief that if he answered Defendant's Requests for Admission, he would be admitting facts that he felt were untrue and that would indicate that he was at fault, rather than Defendant. Plaintiff argued that he did not understand until after the Deputy Commissioner hearing and the dismissal of his claim with prejudice that he could deny Defendant's Requests for Admission, and that failure to answer these requests could result in him losing his claim.
The Full Commission is of the opinion that good grounds exist to deem Plaintiff's Form 44 assignments of error as a motion to withdraw his deemed admissions or to, on its own motion, determine whether to withdraw Plaintiff's deemed admissions.
The Full Commission finds and concludes that Plaintiff's failure to answer the Requests for Admission based upon the mistaken belief that answering them would operate against his interests and would establish his negligence rather than Defendant's negligence should not bar his claim. The Full Commission further finds and concludes that allowing Plaintiff to withdraw his deemed admissions and granting a hearing on the merits of this claim will promote the ends of justice. However, since Defendant has not had an opportunity show that withdrawal of Plaintiff's *Page 4 
deemed admissions will prejudice Defendant in maintaining its defense of this claim on the merits, Defendant should be allowed to present evidence on this issue. N.C. Gen. Stat. § 1A-1, Rule 36(b).
The Order of the Deputy Commissioner is not a final judgment, as the Full Commission is not bound by the findings and conclusions of a Deputy Commissioner. Hummel v. Universityof North Carolina, 156 N.C. App. 108, 576 S.E.2d 124 (2003).
The Full Commission therefore ORDERS that this matter be remanded to Chief Deputy Commissioner Wanda Blanche Taylor for assignment to a Deputy Commissioner for the scheduling of a hearing to allow Defendant an opportunity to present evidence showing that withdrawal of Plaintiff's deemed admissions will prejudice Defendant in maintaining its defense of this claim.
The Deputy Commissioner shall gather the evidence, order the transcript and forward same to the Full Commission for further determination. The Full Commission will determine the schedule for further briefing and for further oral arguments, if necessary. All correspondence from the parties to the Full Commission concerning this matter shall be directed to Bernadine S. Ballance, Commissioner.
This the ___ day of February 2010.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING: *Page 5 
 S/___________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/___________________ CHRISTOPHER SCOTT COMMISSIONER